THE STATE, EX REL. WESTERN ELECTRIC COMPANY, N.K.A. AT&T
TECHNOLOGIES, INC., APPELLEE AND CROSS-APPELLANT, *v.*
COYER, APPELLANT AND CROSS-APPELLEE;
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Western Elec. Co., *v.* Coyer (1990),
53 Ohio St. 3d 129.]

(No. 89-971—Submitted June 5, 1990—Decided August 22, 1990.)

*Porter, Wright, Morris & Arthur* and *Karl J. Sutter*, for appellee and cross-appellant AT&T.

*Michael J. Muldoon*, for appellant and cross-appellee Coyer.

*Anthony J. Celebrezze, Jr.*, attorney general, and *Jeffery W. Clark*, for appellee Industrial Commission.

*Per Curiam.* AT&T's "two-hundred-week motion" asked the commission to expressly designate claimant's disability as temporary or permanent. The commission continued temporary total disability compensation but did not specifically indicate that claimant's condition was temporary. This deficiency led the appellate court to return the cause to the commission to definitively address the permanency question. We affirm that decision.

Claimant suggests that by continuing temporary total compensation, the commission inherently declared that her condition was temporary. We disagree. At the time the relevant order was issued, temporary total disability compensation was often continued, regardless of permanency, if the claimant had applied for, and seemed likely to receive, permanent total disability compensation. See *State, ex rel. Eaton Corp.*, v. *Lancaster* (1988), 40 Ohio St. 3d 404, 534 N.E. 2d 46. Review of the present commission order does not exclude the possibility that such reasoning was employed.

Claimant also contends that a temporary total disability determination must encompass those non-medical disability factors set forth in *State, ex rel. Stephenson*, v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 31 OBR 369, 509 N.E. 2d 946. The nature of temporary total disability, however, discourages such a conclusion. The purpose of permanent total disability benefits, which were at issue in *Stephenson*, is to compensate for impaired earning capacity. *Id.* at 170, 31 OBR at 372, 509 N.E. 2d at 949. By contrast, the purpose of temporary total benefits is to compensate for loss of earnings. *State, ex rel. Ramirez*, v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 634, 23 O.O. 3d 518, 520, 433 N.E. 2d 586, 589. The *Stephenson* factors did not prevent claimant from earning a particular wage before her injury. Since it is these actual earnings which temporary total benefits are designed to replace, the *Stephenson* factors are irrelevant.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.