DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Kathy Grine, on behalf of her minor son Adam, appeals the judgment of the Lucas County Court of Common Pleas, which dismissed her administrative appeal. For the following reasons, we reverse. *Page 2 
 {¶ 2} This matter originated, in part, from appellee's decision to suspend Adam from school on two separate occasions. In Grine v. SylvaniaBoard of Education, 6th Dist. No. L-04-1137, 2004-Ohio-6904, appeal not allowed by 105 Ohio St.3d 1519, 2005-Ohio-1880 ("Grine I"), we held that Sylvania failed to provide appellant with due process required by R.C.3313.66, which governs the suspension process applicable to all Ohio students in public schools, with respect to Adam's first suspension. We ordered that suspension expunged from Adam's records, granting appellant the relief originally sought.
 {¶ 3} Adam is a student covered by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400 et seq. In Grine I, we held that the procedures in the Ohio Administrate Code, the Ohio Revised Code, and the IDEA, applicable to disabled students, were applicable to appellant's challenge to Adam's second suspension. We also found that appellee failed to provide appellant with the due process and administrative appeals necessary to resolve the issues, and we remanded the matter for further administrative proceedings.
 {¶ 4} Because the administrative record had failed to incorporate issues related to Adam's disability and the full due process required under the IDEA with respect to the second suspension, we ordered the following relief:
 {¶ 5} "Although appellant's deprivation of procedural rights pursuant to IDEA and state regulations is clear, we cannot determine the substantive issues on the merits, since no appropriate administrative record has been compiled and O.A.C. 3301-51-08 *Page 3 
provides for an appeal to the State Board of Education's Office for Exceptional Children. That agency is in a more appropriate position to evaluate the procedural shortcomings that occurred, and to correct the deficiencies in appellee's compliance with state and federal mandates. Although appellant had not exhausted her administrative remedies, she was clearly precluded from doing so by the failure of appellee to give IDEA-required notices. Therefore, the trial court should have ordered the proper administrative procedures to continue, preserving appellant's state appeal.
 {¶ 6} "For the foregoing reasons, the order of the trial court is hereby reversed with respect to the first suspension. Appellee is ordered to expunge the first suspension from Adam's records. With respect to the second suspension, the order of the trial court is hereby reversed, and that cause is remanded for further proceedings consistent with this decision and judgment entry, and a consideration of whether attorney fees, costs, and bad faith damages are proper. Costs associated with this appeal to appellee. App.R. 24." 2004-Ohio-6904, ¶ 68-69.
 {¶ 7} In January 2005, appellant filed for a due process hearing alleging that appellee failed to provide Adam with a free, appropriate public education ("FAPE") as required by the IDEA, due to, inter alia, removing him from school for misconduct, failing to hold a manifestation determination, failing to provide services during the suspension, and, most pertinently, "intentionally provoking Adam; intentionally violating state and federal law as well as District policy, creating a hostile environment; and retaliating against Petitioner for filing appeals and request [sic] for due process hearing *Page 4 
and for refusing to make Adam take proficiency tests in his fragile condition." Appellant requested that the second suspension — which our December 17, 2004 decision remanded to the trial court for further proceedings — be expunged from Adam's records, and requested an award of attorney fees and damages, and reimbursement for a home-based education program for Adam. Appellee filed a motion to dismiss.
 {¶ 8} The impartial hearing officer ("IHO") granted appellee's motion to dismiss, ruling that the issue of expungement had already been addressed and ordered in Grine I, that the IHO had no authority to order attorney fees or damages, and that appellant's request for reimbursement was unrelated to the second suspension.
 {¶ 9} Appellant appealed the IHO's decision to a state level review officer ("SLRO") as provided by O.A.C. 3301-51-08. The SLRO found that appellant's request for a due process hearing related solely to Adam's second suspension. He then dismissed the appeal for lack of jurisdiction, finding that Grine I held that the suspension was improper and was still pending before the trial court. It also found appellant's request for a due process hearing moot, since appellee presented evidence that it expunged the second suspension from Adam's records subsequent to Grine I and in accordance with the relief appellant originally sought. With respect to appellant's request for reimbursement for home-education expenses, the SLRO found that appellant's "removal of her son was not as a response to his March, 2003 suspension, but the culmination of a number of instances over a significant period of time," and held reimbursement in this proceeding improper. *Page 5 
 {¶ 10} Appellant appealed the decision of the SLRO to the Lucas County Court of Common Pleas, where it was consolidated with the pending issues from Grine I. Appellee, in its motion to dismiss, argued that the trial court lacked jurisdiction because appellant filed her administrative appeal in state court and failed to file a notice of appeal from the SLRO decision within 15 days with the Ohio Department of Education as required by R.C. 119.12. The trial court, in dismissing appellant's second administrative appeal for lack of jurisdiction, severed the appeal of the SLRO decision from the remaining pending issues inGrine I.
 {¶ 11} Appellant presents four assignments of error for review:
 {¶ 12} "I. The trial court erred in finding that it lacked jurisdiction due to Appellant's failure to file a notice of appeal with the Ohio Department of Education within fifteen days of the Ohio Department of Education's mailing of its decision.
 {¶ 13} "II. The trial court erred in finding that the Ohio Department of Education substantially complied with the R.C. 119.12 requirement that the record be filed with the trial court within thirty days of receipt of notice of the appeal.
 {¶ 14} "III. The trial court erred in finding that the Ohio Department of Education did not have jurisdiction over the IDEA issues regarding the second suspension.
 {¶ 15} "IV. The trial court erred in failing to grant Appellant's Motion for Sanctions for spoliation of evidence."
 {¶ 16} Apparently, much confusion resulted upon our remand ofGrine I. Appellee has characterized this set of administrative appeals as improper, because it *Page 6 
appeared as though appellant was prompted by Grine I to re-start the administrative process by filing the instant matter with the IHO. While the SLRO properly found that he lacked jurisdiction over the second suspension issue, as the second suspension issue was pending in the Lucas County Court of Common Pleas after our remand in Grine I, the SLRO improperly characterized appellant's administrative complaint as pertaining only to appellee's erroneous decision not to conduct a manifestation determination regarding the second suspension. We remandedGrine I to the trial court with instructions to order the administrative process regarding the second suspension to continue — specifically, for a manifestation determination before a decision could be made as to whether the second suspension was improper pursuant to IDEA protections. When an appellate court finds the decision of an administrative agency to be devoid of proper documentation, facts, or analysis, it may remand the matter to the agency to compile a more comprehensive record.State ex rel. Western Elec. Co. v. Coyer (1990), 53 Ohio St.3d 129
(remanding to Industrial Commission).
 {¶ 17} Before the trial court took any action on remand with respect to the second suspension, appellee granted appellant the relief she initially requested by expunging the second suspension from Adam's records. The entire purpose of remanding for further administrative proceedings was to address the propriety of the second suspension by holding a manifestation determination pursuant to IDEA rules. SeeHonig v. Doe (1988), 484 U.S. 305. A manifestation determination has now become moot. Where a suspension is expunged, the student has served his suspension, and the student will suffer *Page 7 
no collateral disability of loss of rights, the appeal of that suspension decision is moot. Dreyfus v. Lakewood City Schools (Sept. 5, 1996), 8th Dist. No. 70004; Siemon v. Bailey (Apr. 6, 2001), 2nd Dist. No. 2000-CA-81 (analogizing to a criminal misdemeanor defendant who has paid fines and served sentences imposed, citing State v. Wilson (1975),41 Ohio St.2d 236).
 {¶ 18} Because appellant has obtained the relief she sought inGrine I with respect to the second suspension, appellant's filing in January 2005 for a due process hearing regarding that suspension was moot — insofar as she was challenging the second suspension itself. Insofar as the second suspension decision was challenged, the IHO and the SLRO appropriately found they lacked jurisdiction, since appellant had not waited for the trial court to relinquish its jurisdiction over the matter to them and the matter is now moot. The only matter still pending from Grine I before the trial court should be a determination of whether appellant should be awarded attorney fees for appellee's denial of due process with respect to the first suspension and for the IDEA due process violations which had occurred with respect to the second suspension. Grine, 2004-Ohio-6904, ¶ 68-69. 20 U.S.C. 1415(i)(3)(B). The trial court must also consider whether appellant is entitled to equitable relief; Grine I found that an IDEA procedural violation occurred with respect to the second suspension, and the Sixth Circuit has held that procedural violations alone which cause harm to a parent's involvement in a disabled child's education warrants equitable relief.Tennessee Dept. of Mental Health and Mental *Page 8 Retardation v. Paul B. (C.A. 6, 1996), 88 F.3d 1466, 1478, citingBd. of Education v. Rowley (1982) 458 U.S. 176, 205-206.
 {¶ 19} We do find, however, that the IHO and SLRO improperly characterized appellant's January 2005 filing as pertainingsolely to the second suspension. Appellant's administrative complaint also alleges that appellee failed to provide Adam with FAPE in retaliation for appellant's appeals of the suspension issues, such that appellant was forced to withdraw Adam from school and incur home-based education expenses. A claim that a student was denied FAPE exists independent of other issues. Burlington School Comm. v. MassachusettsDept. of Edn. (1985), 471 U.S. 359, 369. "FAPE `consists of educational instruction specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child "to benefit" from the instruction.'" Nack ex rel. Nack v.Orange City School Dist. (C.A. 6, 2006), 454 F.3d 604, 608, citingBd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley (1982),458 U.S. 176, 188-89; 20 U.S.C. 1401(9). A child covered by the IDEA is receiving "a free appropriate public education if (1) the state has complied with the procedures set forth in the IDEA and (2) the IEP developed through the procedures is reasonably calculated to enable the child to receive educational benefits." Dong v. Board of Educ. ofRochester Community Schools (1999), 197 F.3d 793, 800.
 {¶ 20} "A procedural violation of the IDEA is not a per se denial of a [free and appropriate public education ('FAPE') ]. Rather, a procedural violation will constitute a denial of FAPE only if it causes substantive harm to the child or [her] parents; such as *Page 9 
seriously infringing on the parents' opportunity to participate in the IEP process, depriving an eligible student of an IEP, or causing the loss of educational opportunity." Met. Board of Public Ed. of the Met.Government of Nashville and Davidson County v. Bellamy (C.A. 6, 2004), 116 Fed.Appx. 570, 579, quoting Berger v. Medina City Sch. Dist. (C.A. 6, 2003), 348 F.3d 513, 520. Here, appellant alleges that her vigorous pursuit of due process hearings — after appellee repeatedly denied her proper due process in Grine I — provoked appellee to retaliate by failing to adhere to the terms of Adam's IEP, thus denying him FAPE.
 {¶ 21} Appellant's claim that Adam was denied FAPE was properly instituted at the administrative level pursuant to the IDEA.20 U.S.C. 1415(o) permits the filing of multiple complaints, stating, "Nothing in this section shall be construed to preclude a parent from filing a separate due process complaint on an issue separate from a due process complaint already filed." This complaint was also timely filed, since20 U.S.C. 1415 permits a party to file any administrative complaint within two years of the alleged violations. Since appellant was pursuing allegations stemming from and relating to the second suspension in parallel proceedings, the IHO and SLRO characterized this administrative complaint as pertaining only to appellant's challenge to the second suspension. This decision, however, is clearly erroneous from the face of appellant's January 2005 administrative complaint, which plainly alleges that appellee denied Adam FAPE. *Page 10 
 {¶ 22} Appellant's first and third assignments of error challenge the trial court's dismissal of the January 2005 claim that Adam was denied FAPE, and we consider then jointly. The trial court dismissed appellant's claim in part due to appellant's failure to file a notice of appeal from the SLRO decision with the ODE within 15 days as required by R.C. 119.12. We find the trial court's dismissal of the January 2005 complaint improper.
 {¶ 23} This is an appeal from an administrative appeal, not an original action. Ohio has a statute of limitations, R.C. 3323.05(F), specifically for appeals from an SLRO decision in actions under the IDEA and Ohio's parallel law. Cleveland Heights-University Heights CitySchool Dist. v. Boss By and Through Boss (C.A. 6, 1998), 144 F.3d 391,397, citing Cremeans v. Fairland Local Sch. Dist. (1993),91 Ohio App.3d 668, and noting "that other circuits have applied similar education-specific state statutes of limitations to appeals from state administrative rulings on IDEA claims." R.C. 3323.05(F) provides, "Any party aggrieved by the final order of the reviewing officer [SLRO] may appeal the final order within forty-five days of notification of the order to the court of common pleas of the county in which the child's school district of residence is located, under Chapter 119. of the Revised Code." This section was enacted as part of Ohio's duty to enact due process procedures in compliance with 20 U.S.C. 1415. With respect to the statute of limitations applicable to administrative appeals, federal law provides that a party may appeal to any state court with competent jurisdiction within 90 days from the date of the decision of the hearing officer, "or, if the State has an explicit *Page 11 
time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. 1415(i)(2)(B).
 {¶ 24} R.C. 3323.05(F) is therefore the sole statute of limitations applicable when a party appeals a decision of an SLRO to a court of common pleas with applicable jurisdiction. Contrary to the trial court's conclusion, R.C. 119.12 does not require an additional notice of appeal to be filed with the ODE within 15 days of the SLRO decision. SeeCremeans, supra. Therefore, appellant's filing of her appeal with the trial court was proper.
 {¶ 25} R.C. 119.12 would also not govern the proceedings on remand with respect to evidence the trial court may consider. R.C. 119.12
states, "Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." The IDEA contains its own "additional evidence" provision,20 U.S.C. 1415(i)(2)(B)(ii). Deal v. Hamilton County Board of Edn. (C.A. 6, 2004),392 F.3d 840, 848. The Sixth Circuit has taken an "expansive view of the scope of additional evidence that may supplement the administrative record," and has allowed, inter alia, additional expert witnesses, fact witnesses, and new documentary evidence. Id. at 850.
 {¶ 26} Appellant's claim that appellee failed to follow Adam's IEP in retaliation for her filing due process claims with respect to Adam's suspensions is a valid claim *Page 12 
under the IDEA. M.T.V. v. DeKalb County School Dist. (C.A. 11, 2006),446 F.3d 1153, 1158-1159. See, also, Ullmo v. Gilmour Academy (C.A. 6, 2001), 273 F.3d 671. If a court finds that a student was denied FAPE, it may grant appellant fees, costs, and such relief as the court determines is appropriate. 20 U.S.C. 1415(e)(2); Board of Educ. of Avon Lake CitySchool Dist. v. Patrick M. (N.D. Ohio,1998), 9 F.Supp.2d 811.
 {¶ 27} The court may also consider whether appellant should be reimbursed for educational expenses incurred as a result of placing Adam in a home school setting. In placing the burden on the states to enact comprehensive statutory and administrative mechanisms to address disabilities in education, the IDEA yields to state law to determine whether home education costs are reimbursable by a school district if it fails to provide a student FAPE. Hooks v. Clark County School Dist.
(C.A. 9, 2000), 228 F.3d 1036. R.C. 3323.01(D), mirroring the definition of 34 C.F.R. 300.17, defines "appropriate public education" as "special education and related services that: (1) Are provided at public expense and under public supervision; (2) Meet the standards of the state board of education; (3) Include an appropriate preschool, elementary, or secondary education; and (4) Are provided in conformity with the individualized education program required under this chapter." "Special education" is defined as "the required related services and instruction specifically designed to meet the unique needs of a handicapped child, including classroom instruction, home instruction, and instruction in hospitals and institutions and in other settings." R.C. 3323.01(B) (emphasis added). Again, the statute nearly mirrors the definition of "special education" in 34 C.F.R. 300.39: "(1) Special *Page 13 
education means specially designed instruction, at no cost to the parents, to meet the unique needs of a child with a disability, including (i) Instruction conducted in the classroom, in the home, in hospitals and institutions, and in other settings; and (ii) Instruction in physical education." (Emphasis added.) However, compensation is subject to the limitations in 20 U.S.C. 1412(a)(10)(C). Therefore, if the trial court determines that Adam was denied FAPE, and if it finds that home instruction was the only appropriate alternative available, then it may consider the appropriateness of awarding appellant the costs incurred in providing Adam home instruction. See, e.g., Bucks CountyDept. of Mental Health/Mental Retardation v. Pennsylvania (C.A. 3, 2004), 379 F.3d 61; Reffitt v. Kenton County School Dist. (C.A. 6, 2002), 40 Fed.Appx. 898.
 {¶ 28} This award may be retrospective, and the trial court should determine the extent of any retrospective award. "Because exhaustion of administrative remedies and judicial review would be lengthy, retroactive reimbursement for educational expenses and related services may be awarded to parents who unilaterally choose to address a school system's ineffective educational plans by placing their child in a private program and thereafter pursuing remedies for such private placement." Babb v. Knox County School System (C.A. 6, 1992),965 F.2d 104, 107, citing School Comm. of Town of Burlington, Mass. v. Board ofEduc. of Mass. (1985), 471 U.S. 359 (interpreting 20 U.S.C. 1415(e)(2). See, also, Deal v. Hamilton County Dept. of Education (E.D. Tenn., 2006), No. 1:01-cv-295, 2006 WL 2854463. *Page 14 
 {¶ 29} Because this is the second time that appellant has been denied fair hearings of her IDEA complaints in the administrative process, we remand this matter to the trial court for a determination of these substantive issues. Further administrative hearings are unnecessary. The trial court may, pursuant to the IDEA, hear evidence in addition to the administrative record. Board of Educ. of Avon Lake City School Dist. v.Patrick M. (N.D. Ohio,1998), 9 F.Supp.2d 811; Metropolitan Bd. of PublicEduc. v. Guest (C.A.6, 1999), 193 F.3d 457, 463.
 {¶ 30} Accordingly, appellant's first and third assignments of error are well-taken. The second assignment of error is rendered moot, as appellant's claim of denial of FAPE may proceed and the trial court must still determine substantive issues.
 {¶ 31} With respect to appellant's fourth assignment of error, her claim for spoliation of evidence is based on appellee's expungement of the second suspension from its records. Appellee asserts in its brief that it has not destroyed any records, but that all references to the second suspension have been deleted from Adam's records with the exception of the file retained by the director of Student Services. This is similar to the expungement relief found proper in Siemon, supra (citing R.C. 5122.01(R)). Furthermore, appellant has been granted the remedy which she originally sought.
 {¶ 32} Although appellant argues that she has been deprived of potentially favorable evidence, she fails to point to particular evidence which would have been pertinent and the loss of which would hinder her case. The record still contains documentation relating to the improper imposition of both suspensions. On this record, *Page 15 
the trial court should be able to determine the outstanding issue of damages from Grine I. Thus, appellant's fourth assignment of error is not well-taken.
 {¶ 33} Accordingly, the decision of the Lucas County Court of Common Pleas is reversed and remanded for further proceedings consistent with the applicable law and this decision. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1