DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Mainly Masonry/Land Builders, Inc. ("Mainly Masonry"), and appellant's trial attorney, William Smith Jr., Esq., appeal from a judgment by the Ottawa County Court of Common Pleas awarding attorney fees against them. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} This case arises out of residential remodeling project for a property located at 3048 Sunset Drive, Port Clinton, Ohio. The project was commissioned by appellees, Thomas P. Sydlowski and Thomas P. Sydlowski, Trustee of the Thomas P. Sydlowski Trust (collectively, "Sydlowski"). Sydlowski contracted with Michael Downs, Inc. ("Downs") as general contractor for the project. Mainly Masonry performed work on the project as a subcontractor of Downs. Downs failed to pay Mainly Masonry for its work.
 {¶ 3} On October 26, 2004, Sydlowski's attorney mailed a letter to Mainly Masonry's chief operating officer informing him that Sydlowski had paid general contractor Downs in full for the work that was completed on the residence. On October 28, 2004, appellant Smith, who was counsel for Mainly Masonry, faxed a letter to Sydlowski's counsel requesting documentation in support of appellees' claim that appellees had paid for the labor and materials supplied by appellant. Smith never received the requested documentation.
 {¶ 4} On April 25, 2005, Smith filed a complaint on behalf of Mainly Masonry against Downs, Sydlowski, and other parties who potentially had an interest in the subject property. The complaint contained three causes of action: The first was for unjust enrichment, the second was for breach of contract, and the third requested execution of a judgment lien.
 {¶ 5} On July 1, 2005, Sydlowski filed together with an answer, a motion to dismiss and motion for sanctions regarding appellant's third cause of action, and a motion for summary judgment regarding appellant's first and second causes of action. Mainly Masonry never responded to any of these motions.
 {¶ 6} On August 1, 2005, Mainly Masonry filed a notice of deposition of Thomas P. Sydlowski and a motion for additional time to respond to the motions. On August 4, 2005, Sydlowski moved for a protective order and stay of discovery, and opposed the motion for additional time. The court granted Sydlowski's protective order and stayed all discovery. On August 22, the trial court denied Mainly Masonry's motion for additional time and granted Sydlowski's motion for summary judgment.
 {¶ 7} On September 21, 2005, Sydlowski moved for attorney fees pursuant to R.C. 2323.51 and Civ. R. 11. Mainly Masonry filed a motion for additional time to respond to the motion for attorney fees. Although this motion was granted, Mainly Masonry never did respond. A hearing on the motion for attorney fees was held on November 22, 2005. On the day of the hearing, Mainly Masonry filed a motion for reconsideration of the order granting Sydlowski's motion for summary judgment and a post-hearing memorandum. On November 30, 2005, Sydlowski filed an opposition to the motion for reconsideration and a post-hearing memorandum.
 {¶ 8} On December 14, 2005, the trial court issued an order granting Sydlowski's motion to dismiss the third cause of action (requesting the judgment lien), and allowing the other defendants leave to file motions seeking reasonable attorney fees. Finally, on January 30, 2006, the court issued a decision and judgment entry denying reconsideration of the summary judgment motion and awarding attorney fees to Sydlowski. Mainly Masonry and attorney Smith timely appealed this judgment entry, raising the following as their sole assignment of error:
 {¶ 9} I. "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR ATTORNEY FEES AND COSTS ON THE BASIS THAT THE APPELLANT FILED A SUIT KNOWING THAT SUCH ACTION WOULD NOT LIE UNDER O.R.C. 1311.011(B), O.R.C. 1311.32."
 {¶ 10} R.C. 1311.011, which governs liens connected with home construction contracts, was enacted to limit the rights of subcontractors bringing claims pursuant to mechanics' liens.Triantos v. Geis (Feb. 5, 1992), 1st Dist. No. C-900729. Reflecting this purpose, R.C. 1311.011(B)(1) relevantly provides: "(1) No original contractor, subcontractor, materialman, or laborer has a lien to secure payment for labor or work performed or materials furnished by the contractor, subcontractor, materialman, or laborer, in connection with a home construction contract between the original contractor and the owner, part owner, or lessee or in connection with a dwelling or residential unit of condominium property, that is the subject of a home purchase contract, if the owner, part owner, or lessee paid the original contractor in full or if the purchaser has paid in full for the amount of the home construction or home purchase contract price, and the payment was made prior to the owner's, part owner's, or lessee's receipt of a copy of an affidavit of mechanics' lien pursuant to section 1311.07
of the Revised Code." Thus, R.C. 1311.011(B)(1) effectively voids a subcontractor's lien against a homeowner where: 1) the homeowner has paid the contractor in full; and 2) the payment was made prior to the homeowner's receipt of a copy of the lien. See, Triantos, supra.
 {¶ 11} R.C. 1311.011(B)(3) provides that once a lienholder has received written notice from a homeowner that full payment has been made, the lienholder has 30 days in which to release the lien, after which he risks liability to the homeowner for all damages arising out of his failure to release the lien.
 {¶ 12} The trial court, in granting the request for attorney fees, found as follows regarding the applicability of R.C. 1311.011(B) to Mainly Masonry's action against Sydlowski: "The record amply reflects that even before suit was filed counsel for Defendants and Plaintiff had extensive discussions and correspondence regarding potential liability of the homeowners to the subcontractor. Plaintiff nevertheless filed suit knowing or should have known that such an action will not lie. O.R.C. 1311.011(B), O.R.C. 1311.32. Such conduct is frivolous under Civil Rule 11."
 {¶ 13} Although thin in its reasoning, the trial court's granting of the motion for attorney fees was based on a finding that Mainly Masonry had filed a legally groundless claim.[1] Where a trial court's decision to award attorney fees is based on a finding of frivolous conduct in the form of a legally groundless claim, we use a de novo
standard of review. Riston v. Butler, 1st Dist. No. C-010572, 2002-Ohio-2308, ¶ 22.
 {¶ 14} To determine whether Mainly Masonry's lawsuit (filed after the receipt of Sydlowski's written notification that full payment had been made to the general contractor) was properly based, we look to the language of R.C. 1311.011(B). Construing R.C. 1311.011(B)(1) together with R.C. 1311.011(B)(3), we conclude that a subcontractor who continues to seek payment from a homeowner after receiving written notice from that homeowner that full payment has been made does so at the risk of being held liable to the homeowner for all damages arising from his failure to release his lien, but only if the owner can establish that hehas, in fact, made full payment in accordance with the statute. See,Triantos. supra. Stated otherwise, where the owner can establish having made full payment, the subcontractor may well be penalized for persisting in his quest for payment against him. But where the owner cannot — or merely has not — established that he made full payment, a subcontractor should not be penalized for bringing an action for nonpayment against him.
 {¶ 15} Mainly Masonry, in going forward with its lawsuit in the face of Sydlowski's letter notifying it that Downs had been fully compensated, clearly put itself at risk of ultimately being held liable to Sydlowski for damages pursuant to R.C. 1311.011(B). But at the time appellants filed the complaint in this case, they had no proof that payment had actually been made. They knew only that Mainly Masonry had not been paid for the work it had done on Sydlowski's property, and that Sydlowski had received a benefit from that work. Under these circumstances, we do not find that appellants' actions in filing the suit were frivolous under Civ. R. 11.
 {¶ 16} Nor do we find that such actions were frivolous pursuant to R.C. 2323.51. R.C. 2323.51 defines frivolous conduct as that which: (1) serves merely to harass or maliciously injure another party or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation; (2) is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law; (3) consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief Because the lawsuit was filed in the absence of proof as to whether payment had actually been made in full, it was adequately supported not only in law, as was discussed above, but also in fact.
 {¶ 17} We note that the trial court, in its January 30, 2006 judgment entry, appears to have listed the following as a second — and apparently secondary — basis for awarding attorney fees: "At page 2 of Defendants' November 30, 2005 Opposition to the Motion for Reconsideration Defendants set forth a rather startling list of Plaintiff s delinquent or failed filings. Whatever else this may indicate, it is at a minimum frivolous conduct." In this portion of the entry, the trial court alludes to Mainly Masonry's manifold failures to oppose motions filed in the case, specifically: the motion to dismiss, the motion for sanctions pursuant to Civ. R. 11, the motion for summary judgment, the motion for a protective order and to stay discovery, and the motion for attorney fees pursuant to R.C. 2323.51. Although the failure of Mainly Masonry's counsel to oppose these many motions might well be considered bad lawyering — especially from the perspective of Smith's client — it does not meet the definition of frivolous conduct under either Civ. R. 11 or R.C. 2323.51.
 {¶ 18} For all of the foregoing reasons, appellants' sole assignment of error is found well-taken, and the judgment of the Ottawa County Court of Common Pleas is reversed. Appellees are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Civ. R. 11 pertinently states: "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name * * *. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted."