DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the January 7, 2006 judgment of the Lucas County Court of Common Pleas, which resolved all of the issues pending in this administrative appeal filed in the Lucas County Court of Common Pleas in 2004. Upon consideration of the assignments of error, we affirm the decision of the lower court in part and reverse in *Page 2 
part. Appellant, Kathy Grine, on behalf of her minor son, Adam Grine, asserts the following assignments of error on appeal:
 {¶ 2} "1. Trial court erred in finding that the evidence does not support Appellant's common law claim for bad faith damages or attorney fees.
 {¶ 3} "2. Trial court erred in finding that Appellant only requested expungement at trial court level and that 3/17/04 Agreement precludes any further remedy beyond reversal of the suspensions.
 {¶ 4} "3. Trial court erred in finding that Appellant is not entitled to attorney fees under the IDEA.
 {¶ 5} "4. Trial court erred in finding that Appellant's reliance on R.C. 2323.51 does not support her recovery of attorney fees in this case.
 {¶ 6} "5. Trial court erred in finding that Appellant pursued judicial appeals when she knew the school would expunge those suspensions without those appeals.
 {¶ 7} "6. Trial court erred in failing to award attorney fees as sanctions for Appellee's intentional destruction of essential documents.
 {¶ 8} "7. Trial court erred in finding that Appellant's request for attorney fees is a tort claim and that Appellee is immune from liability under R.C. Chapter 2744.
 {¶ 9} "8. Trial court erred in finding that Appellant was a pro se litigant and that Appellant failed to show the reasonable value of attorney fees and failed to separate her claims for attorney fees from fees Appellee previously paid on her behalf. *Page 3 
 {¶ 10} "9. Trial court erred in finding that Appellee has expunged both suspensions from Adam's educational records.
 {¶ 11} "10. Trial court erred in finding that Appellee's failure to comply with Adam's IEP did not cause Adam to sustain personal injury damages and that Appellant was not entitled to recover for alternative education setting during the second suspension."
 {¶ 12} This case began in 2003 when Grine's son was a nine-year-old student in the Sylvania Public School District. Because of a disability, Asperger's Syndrome, Grine's son is covered by the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. 1400 et. seq., which in part gives him the right to a "free appropriate public education" ("FAPE") in the "least restrictive environment." 20 U.S.C. 1412(1) and (5). An Individualized Education Plan ("IEP") was developed by the parents and school to ensure that the child received an education. The child's IEP required that he be provided with a full-time paraprofessional to aid him in his classes.
 {¶ 13} Two separate incidents occurred in 2003 which precipitated this case. The first incident, which occurred on February 11, 2003, resulted in Adam's suspension from school. Litigation concerning that suspension resulted in the suspension being reversed on due process grounds by this court. Grine v. Sylvania Schools Bd. of Ed., 6th Dist. No. L-04-1137,2004-Ohio-6904 ("Grine I"). The second incident, which also led to a suspension, occurred one month later, on March 11, 2003. Adam was suspended under *Page 4 
Sylvania Schools Board Policy Section 5600F: Threat to Do Harm. The factual details of both incidents are set forth in Grine I, supra.
 {¶ 14} An administrative appeal was heard on June 10, 2003 regarding both suspensions. Two separate appeal decisions were issued by the hearing officer upholding both suspensions but modifying the second suspension to one day and the second day expunged because the school was closed that day due to the weather. Appellant sought an appeal to the Lucas County Court of Common Pleas from both decisions (case No. CI-2003-3922). The common pleas court denied appellant relief holding that the suspensions were constitutional and supported by the preponderance of substantial, reliable, and probative evidence. The court further found that appellant had failed to exhaust her administrative remedies.
 {¶ 15} On appeal to this court, the first issue on appeal was whether appellant had exhausted her administrative remedies, a prerequisite for this court's jurisdiction to hear the appeal. R.C. 256.01. We found, regarding the first suspension, that appellant was denied her due process rights because the principal had failed to give the child written notice of the principal's intention to suspend him before informally interrogating the child about the incident that could result in a suspension. Therefore, we held in Grine I that the trial court should have ordered the suspension expunged. We reversed the decision of the trial court and ordered the trial court to expunge the first suspension from the child's records. *Page 5 
 {¶ 16} As to the second suspension, we found that appellee had denied Grine three basic procedural safeguards when it was clear that the disciplinary action proposed would implicate IDEA. We found specifically that Grine had not been given adequate IDEA-required notice of the proper appeal procedure and appellee failed to conduct a manifestation determination hearing as requested, which denied Grine the procedural safeguards under IDEA. Therefore, we found that the trial court should have ordered a continuation of the administrative appeal process after proper notification was given, thus preserving appellant's state appeal. The decision of the trial court was reversed and the case remanded for further proceedings, including a determination of whether appellant was entitled to attorney fees, costs, and bad faith damages. We did not find that Grine was entitled to recover under this claim. We found only that this claim remained pending. Id. The Ohio Supreme Court denied further review.
 {¶ 17} Following our decision, appellant sought a due process hearing in January 2005 alleging that appellee had failed to provide her son with a free, appropriate public education as required by IDEA when it removed him from school, failed to hold a manifestation determination, failed to provide services during the suspension, intentionally provoked the child and created a hostile environment, and retaliated against Grine when she filed appeals and sought a due process hearing and for refusing to make her son take proficiency tests. She also sought to have the suspension expunged from her son's records and requested an award of attorney fees, damages, and reimbursement for a home-based education program. *Page 6 
 {¶ 18} As we noted in Grine II, the impartial hearing officer granted appellee's motion to dismiss finding that the first suspension had already been expunged from the child's records and that the hearing officer did not have authority to order attorney fees or damages and that the reimbursement issue related to the second suspension. On appeal, the state level review officer also dismissed the appeal, but on different grounds. The review officer held that the request for the due process hearing related to the second suspension, but that the second suspension had been expunged by appellee after Grine I and, therefore, the issues regarding a due process hearing were then moot. The review officer also held that it lacked jurisdiction over the matter because this court had held that the second suspension appeal process was improper and remanded the case for further proceedings. Finally, the review officer held that the request for reimbursement was improper because the removal of her son from school was not a result of the second suspension, but a culmination of many events.
 {¶ 19} Grine sought an appeal to the Lucas County Court of Common Pleas (case No. CI-2005-3841) from the state level review officer's decision. The trial court meanwhile had consolidated cases Nos. 05-3841 and 03-3922. The court conducted a hearing on May 18 and 19, 2006, and found that it lacked jurisdiction to hear case No. 05-3841 and dismissed the appeal for lack of jurisdiction finding that appellant should have appealed from the state level review officer to the Ohio Department of Education as required by R.C. 119.12. It continued the hearing as to case No. 03-3922 until August 28 and 29, 2006. Grine sought an appeal from this decision to this court on June 15, 2006, *Page 7 
which was resolved in Grine v. Sylvania Schools Bd. of Ed., 6th Dist. No. L-06-1191, 2007-Ohio-1526, ("Grine II").
 {¶ 20} In Grine II, we noted the confusion that arose after GrineI. Therefore, we clarified that the mandate of Grine I was that the trial court order the administrative process to be reinstated for a manifestation determination and subsequently a determination as to whether the second suspension was improper. However, we also noted inGrine II that, in the interim, appellee had expunged the second suspension from the child's school records, thus making the manifestation determination moot. While there appears to be no evidence in the record of the specific date the second suspension was expunged, it is clear that it occurred after December 17, 2004 and before October 2005. Because the second suspension was expunged, we found that the filing of a request for a due process hearing regarding the suspension was also moot. Id.
 {¶ 21} The only issue remaining before the trial court from theGrine I remand was whether Grine should be awarded attorney fees and costs for the denial of due process regarding the first suspension and for the IDEA due process violations regarding the second suspension. The court was also required to consider whether appellant was entitled to equitable relief regarding the second suspension.
 {¶ 22} In Grine II, we also found that the January 2005 request for a due process hearing related to both the first and second suspensions. However, the request also included an allegation of a violation of the FAPE requirements and a demand for reimbursement of home-based education expenses. We found these to be new *Page 8 
independent issues. We also found that the trial court had jurisdiction over the administrative appeal because Grine was not required to file an appeal with the Ohio Department of Education. Therefore, we remanded this case to the trial court once again for determination of these issues.
 {¶ 23} While the Grine II appeal was pending regarding case No. 05-3841, the trial court held a hearing as to case No. 03-3922 on August 28 and 29, 2006. This hearing was intended to resolve all of the issues pending from the first administrative appeal (case No. CI-2003-3922) after Grine I. The court's intention was to determine the positions of the parties and hear evidence in support on the issues of attorney fees and damages.
 {¶ 24} In its September 7, 2006 judgment, the court held generally as follows: First, there was no statutory basis, pursuant to R.C. 2506.01, for awarding Grine bad faith damages or attorney fees in this administrative appeal from a decision under R.C. 3313.66. Furthermore, the court held that 20 U.S.C. 1403, 28 U.S.C. 1415, 34 C.F.R. 300.513, and O.A.C. 3301-51-08(I)(3) were not applicable. Second, Grine was not entitled to recover attorney fees as a remedy for frivolous conduct under R.C. 2323.51. Third, the evidence does not support an award of "bad faith" damages or attorney fees under common law. Fourth, Grine failed to show the reasonable value of the attorney services for which she claimed reimbursement. Fifth, appellee is immune from liability for bad faith damages arising out of a governmental function. Sixth, Grine failed to prove that she was entitled to home-based education expenses. *Page 9 
 {¶ 25} Although the trial court considered the case moot with respect to both suspensions (apparently because the second suspension had been voluntarily expunged), the trial court remanded the case to the hearing officer in compliance with the appellate mandate with instructions that the hearing officer deliver written notice to appellant of the special procedures that apply to a disabled student whose suspension constitutes a "change of placement." The trial court granted Grine's request for court costs incurred in the common pleas and appellate courts, but the trial court denied Grine's request for attorney fees, litigation costs, and damages. Grine sought an appeal from this decision to this court on September 28, 2006.
 {¶ 26} In her first assignment of error, Grine argues that the trial court erred in its first finding that the evidence does not support an award of attorney fees or damages based upon the bad faith conduct of appellee's staff. In her third assignment of error, Grine argued that she is entitled to attorney fees under IDEA, 20 U.S.C. 1415(i)(3)(B)(i), which provides that the court may, at is discretion, award reasonable attorney fees as costs to the prevailing party in an IDEA action who is a parent of a child with a disability.
 {¶ 27} Before addressing these two assignments of error, we must delineate the difference between the issue of awarding attorney fees as they relate to the first and second suspensions. The first suspension was an administrative appeal alleging a statutory violation under R.C.3313.66 regarding disciplinary procedures, which we determined to have merit and ordered the first suspension expunged. After the second suspension, Grine sought to initiate an administrative proceeding to allege that the *Page 10 
suspension was not warranted because it was the result of the failure of appellee to provide modifications and supports required by the student's IEP, as required under federal IDEA law. Therefore, she requested a manifestation hearing to determine whether the behavior which led to the suspension was a manifestation of the student's disability. We held that Grine had not been able to pursue that remedy because of due process violations. Therefore, on remand, the issue of attorney fees, costs, and bad faith damages needed to be determined with respect to the two suspensions independently, one involving state law and the other federal law.
 {¶ 28} As to the first suspension, Ohio common law dictates under the "American rule" that parties involved in litigation are generally expected to pay their own attorney fees. State ex rel. Grosser v.Boy (1976), 46 Ohio St.2d 184, 185, and Gates v. City of Toledo (1897),57 Ohio St. 105, syllabus. Grine argues that appellee should be required to pay her attorney fees under an exception to the general rule because appellee acted in bad faith in litigating this case for many years rather than merely expunging her son's suspension immediately. She contends that it was immediately clear that appellee had not provided her son with due process by failing to follow state law and its own policy to give written notice of what the student was accused of doing before conducting an informal hearing to determine if a suspension was warranted.
 {¶ 29} An exception to the general rule has been made in certain actions, where the wrongful act involves fraud, malice, or insult, the jury has the power to include in the damage award, an amount for "proper and reasonable attorney fees" as a damage award. *Page 11 Roberts v. Mason (1859), 10 Ohio St. 277, paragraph one of the syllabus,State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 193, andSorin v. Bd. of Ed. of Warrensville Heights School Dist. (1976),46 Ohio St.2d 177, 183. Bad faith is defined as "`* * * a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another. (citations omitted).'" Kalain v. Smith (1986), 25 Ohio St.3d 157, 159 at fn.1. The trial court's determination of whether the facts of the case warrant a finding of bad faith is a factual determination that will only be overturned on appeal if it is not supported by competent and credible evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279
and Atakpu v. Central State University (Aug. 2, 2001), 10th Dist. No. 00AP-1113, at 3.
 {¶ 30} As to the first suspension, the court first held that there was no evidence of bad faith on the part of school personnel in suspending the student. Both the principal and hearing officer testified that it was common practice for appellee and other schools to provide only notice of the suspension after the student was suspended. Based upon this evidence, the trial court concluded that the first suspension was imposed with a negligent understanding of the law, not in bad faith.
 {¶ 31} This analysis is flawed, however, because the court focused on the actions of the principal and not appellee in defending the principal's conduct. Grine, as well, focuses on the conduct of school personnel regarding implementation of the student's IEP and Grine's challenges to the decisions of school personnel. Those issues relate to the *Page 12 Grine II allegations. On remand, the issue of bad faith related only to whether appellee should have continued to litigate the issue of expunging the first suspension when it should have been patently clear from the beginning that the principal failed to follow state law and appellee's own guidelines and policies regarding suspensions. Because the trial court based its evidentiary finding on the wrong evidence, we find that its denial of attorney fees under common law bad faith exception was erroneous as a matter of law.
 {¶ 32} Because we held in Grine I that the challenge to the second suspension was governed by IDEA, the attorney fees, costs, and bad faith damages claim must be resolved by application of the federal law, which pre-empts state and common law principals. The trial court held that Grine had not yet begun a proceeding to challenge federal law violations because she had been denied due process. Therefore, it held that an award of attorney fees under IDEA was not warranted. We disagree. The issue of an award of attorney fees incurred with respect to the challenge of the second suspension must be resolved by application of federal law under IDEA. By failing to do so, the trial court erred as a matter of law.
 {¶ 33} The trial court also concluded that Grine cannot recover attorney fees under IDEA for representing her own child because she has independent, enforceable rights under IDEA. The trial court relied uponWoodside v. Sch. Dist. of Phila. Bd. of Edn. (C.A.3, 2001),248 F.3d 129, 131; Doe v. Bd. of Edn. of Baltimore County (C.A.4, 1998),165 F.3d 260, 265, certiorari denied (1999), 526 U.S. 1159; and S.N. by herparents and natural guardians J.N. and K.N. v. Pittsford Central SchoolDist. (C.A.2, 2006), 448 F.3d 601. *Page 13 
Both of the circuit courts in these cases have held that an attorney-parent who represented their child in an IDEA action is not entitled to an award of their attorney fees. Id. Both circuits come to this conclusion based upon the holding in Kay v. Ehrler (1991),499 U.S. 432, which held that a pro-se attorney was not entitled to an award of attorney's fees under the Civil Rights Attorney's Fees Award Act. The Ninth Circuit has also prohibited the recovery of attorney fees under these circumstances for the same reason. Ford v. Long Beach UnifiedSchool Dist. (C.A.9, 2006), 461 F.3d 1087, 1090. Nonetheless, some lower courts have addressed the issue and rejected the holding of these circuits finding that the parent of a disabled child is not acting pro se. See Matthew V. ex rel. Craig V. v. Dekalb Cty. School System
(U.S.D.C, N.D.Ga.2003), 244 F.Supp.2d 1331, 1337, and cases cited therein.
 {¶ 34} In light of the fact that four circuit courts of appeal have applied the holding in Kay v. Ehrler, supra, to IDEA actions, we are constrained to do so as well. Therefore, we find that the trial court did not err by finding that Grine was not able to recover her own attorney fees under IDEA. However, Grine also sought to recover the attorney fees she incurred with respect to other attorneys she hired to represent her. None of the cases cited above would limit that recovery. Therefore, we find that the trial court abused its discretion when it failed to consider whether Grine was entitled to recover attorney fees she incurred with respect to hired counsel.
 {¶ 35} Therefore, appellant's first and third assignments of error are found well-taken. *Page 14 
 {¶ 36} In her second assignment of error, Grine argued that the trial court erred by finding that Grine could not seek any remedy other than expungement of the suspensions as a result of the mediation of these issues on March 17, 2004.
 {¶ 37} In the mediation agreement, Grine agreed to "release all claims, demands, or causes of action for loss, cost, injury, or damage, including any claims for attorney fees, arising out of or connected with Adam's education under any federal, state or local statutes, laws, rules or regulations from the beginning of his enrollment at the School District to the date of this agreement [March 17, 2004], except for the claim currently pending in Lucas County Common Pleas Court, which is specifically preserved."
 {¶ 38} It appears that the trial court held that Grine would not be entitled to attorney fees under IDEA law because she waived her right to recover attorney fees through mediation since her requests for due process hearings were not made a part of the appeal in Grine I. We disagree. The issue of whether Grine was entitled to attorney fees with respect to the second suspension was part of the pending case excepted from the mediation agreement. Grine's repeated filings of requests for due process hearings were the result of the denial of her right to IDEA-required procedural safeguards. Therefore, we find Grine's second assignment of error is well-taken.
 {¶ 39} In her fourth assignment of error, Grine argues that the trial court erred when it determined that she was not entitled to an award of attorney fees under R.C. 2323.51 for asserting frivolous defenses. *Page 15 
 {¶ 40} One type of frivolous conduct defined under the statute as "* * * the assertion of a * * * defense * * * in connection with a civil action* * * not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(1)(a) and (2)(a)(ii).
 {¶ 41} The standard of review of R.C. 2323.51 determinations involves mixed questions of law and fact. Therefore, the legal questions are subject to de novo review and the trial court's factual determinations will not be disturbed if there is competent, credible evidence to support them. Shields v. Englewood, 2d Dist. No. 21733, 2007-Ohio-3165, ¶ 54;Mainly Masonry/Land Builders, Inc. v. Sydlowski, 6th Dist. No. OT-06-007, 2006-Ohio-6809, ¶ 13; Riston v. Butler, 149 Ohio App.3d 390,2002-Ohio-2308, at ¶ 20.
 {¶ 42} The trial court held that appellee did not defend its principal's action to harass or maliciously injure Grine (R.C.2323.51(A)(2)(i)); and it was warranted under existing law, good faith argument to extend, modify, or reverse the law, or establish new law (R.C. 2323.51(A)(2)(ii)); appellee did not make any assertions which lacked evidentiary support or were not warranted under the evidence (R.C. 2323.51(A)(2)(iii) and (iv)).
 {¶ 43} As to the first suspension, we disagree with the trial court's conclusion that appellee did not violate R.C. 2323.15(A)(2)(ii). This appellate court held in 2001 that the due process requirements of R.C.3313.66 are to be strictly construed, Kresser v.Sandusky Bd. ofEdn. *Page 16 
(2001), 140 Ohio App.3d 634, 637, and the suspension requirements were clearly set forth in appellee's Bylaws and Policy 5611 and Guidelines 5611. Therefore, appellee's assertion throughout the appeal process that the principal did not violate the law regarding the first suspension was unfounded under existing law and appellee's own policies and guidelines. The court's factual finding that appellee did not defend its case with the intention to harass or maliciously injure Grine is irrelevant since there is another basis for finding that frivolous conduct occurred. Therefore, we find that the trial court's determination that appellee's conduct was not frivolous was erroneous as a matter of law.
 {¶ 44} With regard to the second suspension, we need not address the issue of an award of attorney fees under state law as discussed above.
 {¶ 45} Grine's fourth assignment of error is well-taken.
 {¶ 46} In her fifth assignment of error, Grine argues that the trial court erred in finding that Grine pursued judicial appeals when she knew the school would expunge those suspensions without those appeals. This finding was made in connection with the trial court's conclusion that Grine failed to prove that her attorney fees were reasonably necessary. The court based its finding upon evidence that the school expunges all suspensions once a student leaves that school and that Grine's son left this school in June 2004, the same month that Grine filed her notice of appeal from the trial court's judgment (the Grine I appeal). *Page 17 
 {¶ 47} We agree with Grine that this finding is not supported by the evidence. While there is evidence that appellee represented to Grine that the school would automatically expunge the records, it clearly does not automatically do so since it did not expunge both suspension records until 2006, after Grine I was decided and the case was remanded for further proceedings. As we noted infra, it is still not clear that these records have been expunged from all school records. Furthermore, these lawsuits were initiated while the suspensions were currently being enforced and the issues raised therein were not settled until the case was finally rendered moot by the voluntary agreement of appellee to expunge them. Therefore, we find Grine's fifth assignment of error well-taken.
 {¶ 48} In her sixth assignment of error, Grine argues that trial court erred in failing to award attorney fees as sanctions for appellee's intentional destruction of essential documents, i.e., the second suspension records. Although Grine raised this issue during the hearing, the trial court did not address the issue in its opinion. Therefore, we presume that the trial court denied the request.
 {¶ 49} While we agree that the second suspension records should not have been destroyed without Grine's consent while the Grine I remand was pending, we also find that Grine was not prejudiced with respect to the remanded case by the destruction of these records. The issue on remand was the bad faith of appellee in litigating the suspensions, not the conduct of school personnel. Grine has not demonstrated that there would have been any evidence in the suspension records that would have aided Grine in *Page 18 
representing her pending claim during the proceedings that had not already been made a part of the record and we cannot perceive of any such evidence. Therefore, we find appellant's sixth assignment of error not well-taken.
 {¶ 50} In her seventh assignment of error, Grine argues that the trial court erred in finding that her request for attorney fees is a tort claim and that appellee is immune from liability under R.C. Chapter 2744.
 {¶ 51} The trial court held that a bad faith damages claim is a tort claim and, therefore, appellee is immune from liability as a political subdivision under R.C. Chapter 2744 because implementation and defense of a disciplinary suspension is a "governmental function." Furthermore, the court found that none of the exceptions to statutory immunity apply and that, even if there were any provision allowing recovery, a political subdivision is never liable for punitive or exemplary damages pursuant to R.C. 2744.05(A). Because federal law permits the recover of attorney fees as to the second suspension, this issue relates only to the first suspension.
 {¶ 52} First, with regard to the issue of the classification of the award of attorney fees, we agree with the trial court's finding that the award of attorney fees in this case was a damage award. Under the "American rule" applicable in Ohio, parties involved in litigation are generally expected to pay their own attorney fees absent a statute or rule authorizing an award of attorney fees as costs. State ex rel.Grosser v. Boy (1976), 46 Ohio St.2d 184, 185, and Gates v. City ofToledo (1897), 57 Ohio St. 105, syllabus. An exception has been made under tort law for the recovery of attorney fees as damages *Page 19 
when the underlying action was the result of fraud, malice, or insult.Roberts v. Mason (1859), 10 Ohio St. 277, paragraph one of the syllabus. This concept has been applied in cases involving contracts, Hoskins v.Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, paragraph one of the syllabus, and administrative appeals, State ex rel. Durkin v.Ungaro (1988), 39 Ohio St.3d 191, 193.
 {¶ 53} A common-law public policy exception could also be arguably carved out for awarding attorney fees as "costs" rather than as damages.Staffilino Chevrolet, Inc. v. Balk, 7th Dist. No. 03 BE 35,2004-Ohio-3633, ¶ 12-22 (attorney fees sought under the bad-faith exception to the American rule are costs and not damages and, therefore, are not considered in determining the court's monetary jurisdiction limit). However, the Ohio Supreme Court specifically declined to make such an exception in Sorin v. Bd. of Edn. of Warrensville Heights SchoolDist. (1976), 46 Ohio St.2d 177, 183. In the Sorin case, the plaintiff sought to have attorney fees awarded in the spirit of the statute which permitted the party to seek an administrative appeal, thus carving out a public policy exception to the prevailing rule. The court held that it would not make such an exception because the General Assembly has specifically stated in other statutes when attorney fees are to be recovered as costs and did not do so in this case. While such an exception might arguably be warranted today, we decline to do so in light of the Sorin holding.
 {¶ 54} We agree with the trial court that appellee is generally entitled to statutory immunity in tort actions, which would include the award of attorney fees as damages. *Page 20 
However, we disagree that the exception set forth at R.C. 2744.02(B)(4) does not apply in this case. That exception provides that:
 {¶ 55} "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due tophysical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code. (emphasis added)"
 {¶ 56} In Hubbard v. Canton City School Bd. of Edn.,97 Ohio St.3d 451, 2002-Ohio-6718, ¶ 13-16, the Ohio Supreme court interpreting former R.C. 2744.02(B)(4), effective July 6, 2001, held that political subdivisions are not immune from liability for injuries caused by the negligence of employees of a political subdivision within or on the grounds of a building. The court refused to interpret the statute as providing that the exception is limited to injury caused by physical defects or negligent use of the grounds or buildings. Although the statute was amended in 2003 to add the language italicized, that amendment was declared unconstitutional by the court in a separate case. Id. Therefore, we find that this exception would apply in this case. *Page 21 
 {¶ 57} Furthermore, we find that the trial court erred in holding that Grine is precluded from recovering her attorney fees because R.C.2744.05(A) prohibits the recover of exemplary damages from political subdivisions.
 {¶ 58} Ohio law is not clear on the issue of whether attorney fees awarded as damages are compensatory or punitive damages. See Sorin v.Bd. of Ed. of Warrensville Heights School Dist., supra, and Shimman v.Internatl. Union of Operating Engineers, Local 18 (C.A.6, 1984), 744 F.2d 1226, 1238, certiorari denied (1985), 469 U.S. 1215. Upon examination of prior case law, we find that the classification of the attorney fee award depends upon the circumstances of each case. In this case, such damages are compensatory because Grine did not seek exemplary damages and she sought attorney fees solely to compensate herself for having to protect her statutory rights. She did not seek to punish appellee for litigating this case.
 {¶ 59} Therefore, we find appellant's seventh assignment of error well-taken.
 {¶ 60} In her eighth assignment of error Grine argues that the trial court erred in finding that Grine was a pro se litigant, that she failed to show the reasonable value of attorney fees, and that she failed to exclude from her claim for attorney fees those fees appellee previously paid on her behalf. The trial court held that Grine could not recover attorney fees for her pro-se representation under Ohio law and federal IDEA law. It further held that Grine failed to establish that her attorney fees were reasonably necessary, the reasonable value of such attorney services, and to distinguish between *Page 22 
those attorney fees already paid by appellee pursuant to the mediation agreement and those still unpaid.
 {¶ 61} As to the first point, appellant contends that she is not a party to this action and, therefore, the pro se rule is not applicable. Appellee argues that appellant is acting pro se as evidenced by the fact that she was listed as a party in her notice of appeal filed with the common pleas court in 2003. While the court records may indicate Grine was acting pro se, that designation is not controlling.
 {¶ 62} Civ.R. 17(B) provides that a representative shall sue or defend a minor. A minor has no right to sue on his own behalf. Id. andMominee v. Scherbarth (1986), 28 Ohio St.3d 270, 275. Pursuant to Civ.R. 17(A), a real party in interest "is one who is directly benefited or injured by the outcome of the case rather than one merely having an interest in the action itself." State ex rel. Village of Botkins v.Laws, 69 Ohio St.3d 383, 387, 1994-Ohio-518 (citations omitted). Civ.R. 17(B) clearly provides that when a guardian or fiduciary sues on behalf of a minor, the guardian/fiduciary is not a party, but only acts in the "`name' of the real party in interest." Slusher v. Ohio Valley PropaneServs., 4th Dist. No. 06CA753, 2008-Ohio-41, ¶ 20-21 citing Boyd v.Edwards (1982), 4 Ohio App.3d 142, 145. Therefore, it is clear in this case that Grine was acting only on behalf of her son and was not asserting any claims of her own.
 {¶ 63} However, the Ohio Supreme Court has specifically held that recovery of attorney fees under R.C. 2323.51 (which provides for an award of attorney fees as a sanction for frivolous conduct) does not provide for compensation of attorneys acting pro *Page 23 
se. State ex rel Freeman v. Wilkinson (1992), 64 Ohio St.3d 516, 517. The rationale behind such a rule is that an award of attorney fees is intended to reimburse the party for fees they incurred. In this case, Grine's son did not incur any fees with respect to Grine's representation. Therefore, we agree with the trial court that Grine was not entitled to an award of her attorney fees under R.C. 2323.51. However, as to the other attorneys that Grine hired to represent her in this litigation, she could recover the cost of their fees as discussed above. As to the recovery of attorney fees under IDEA, we already held under Grine's third assignment of error, that she is not entitled to recover attorney fees for her own services. However, there is nothing under the statute preventing her from recovering reasonable attorney fees for other hired counsel.
 {¶ 64} The next issue is whether appellant established that the attorney fees she actually incurred were reasonable. At the August 28 and 29, 2006 hearing, appellant submitted the following evidence: a receipt for $85 paid to Thomas Sobecki for a consultation; a legal statement from Steven Callejas totaling $9,805, which itemized his services at an hourly rate of $185 for all matters relating to theGrine I appeal; a check for $50 paid to Mark Berling; and a contingent fee retainer agreement with Thomas Zraik (who billed at an hourly rate of $200 per hour and had checks totaling $375 paid to him).
 {¶ 65} The burden of establishing that a party incurred reasonable attorney fees because of the opposing party's frivolous conduct falls upon the moving party. In re Verbeck's Estate (1962), 173 Ohio St. 557,559. Likewise, the prevailing party bears the burden of providing their reasonable attorney fees pursuant to 20 U.S.C. 1415(i)(3)(B). *Page 24 Goldring v. Dist. of Columbia (C.A.D.C.2005), Civ.A.02-1761 JDB,2005 WL 3294005, at 4. The Ohio Rules of Prof. Conduct 1.5 sets forth considerations that the trial court should utilize in making a determination of whether attorney fees are reasonable. Sup.R. 71. Those factors include: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent."
 {¶ 66} Once the court has determined from a billing statement the number of hours expended and the hourly rate, the court can then adjust the award up or down based upon many factors such as those listed above.Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143, 145. Therefore, merely submitting an attorney's time sheet and minimum hourly fee is insufficient because there is no evidence of the other factual issues that the court must consider in determining the proper amount of fees to be awarded. Humphrey v. Humphrey, Ashtabula App. No. 2000-A-0092, 2002-Ohio-3121, ¶ 55; Whitaker v. Kear (1997), 123 Ohio App.3d 413, 424; and Roux v. Lonardo *Page 25 
(Aug. 30, 1991), 11th Dist. No. 89-T-4302. See, also, Goldring v. Dist.of Columbia, supra.
 {¶ 67} On appeal, the trial court's ruling on an award of attorney fees will not be reversed absent a showing that the trial court abused its discretion. Bittner v. Tri-County Toyota, Inc., supra at 146. That standard requires evidence of more than an error of law. It requires evidence that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id. The trial court in this case determined that appellant did not present sufficient evidence of the customary fee or whether the services were necessary for the legal matters involved with the first suspension.
 {¶ 68} As to the fees paid to Sobecki, Berling, and Zraik, we agree with the trial that Grine failed to submit any evidence to establish that these fees were incurred in connection with this case. As to the legal fees paid to Steven Callejas, we find that Grine failed to present any evidence from an expert to establish that his fees were customary and reasonable. Therefore, we cannot find that the trial court's ruling constituted an abuse of discretion.
 {¶ 69} Therefore, we find appellant's eighth assignment of error is not well-taken.
 {¶ 70} In her ninth assignment of error, Grine argues that the trial court erred in finding that appellee has expunged both suspensions from her son's educational records. Grine challenges that this finding is contrary to the manifest weight of the evidence.
 {¶ 71} At the hearing, a letter was admitted into evidence from Elaine Chapman, Director of Special Education, to Grine stating that document of her son's suspensions *Page 26 
were expunged from the Timberstone files and special education files as of March 23, 2005. The only remaining file was one retained by Carl Schulz if Grine needed it for reference. However, Grine's son attended Stranahan Elementary not Timberstone. The trial court may have inferred that Chapman merely made an error in her reference to the wrong school. However, Chapman also stated only that references to the suspensions were removed from the school file and special education files. The letter does not make clear whether the suspensions were expunged from all school records as required by school policy. Therefore, we find the trial court's finding is not supported by the evidence. Appellant's ninth assignment of error is well-taken.
 {¶ 72} In her tenth assignment of error, Grine argues that the trial court erred in finding that appellee's failure to comply with her son's IEP did not cause her son to sustain personal injury damages and that Grine was not entitled to recover for alternative education setting costs incurred because of the second suspension.
 {¶ 73} The trial court found that Grine had failed to prove that the bad faith acts of school personnel regarding the implementation of her son's IEP caused him to sustain personal injury. The trial court further found that Grine was not entitled to recover the cost of an alternative education setting during the change of placement period because such an issue was not before the court. However, the court went on to make factual findings related to this issue. The issue of recovery home-based education cost was raised in the due process hearing filed in January 2005. Therefore, we agree with Grine *Page 27 
that neither of these issues were before the court and it should not have made any factual findings related to them. Therefore, we find Grine's tenth assignment of error well-taken.
 {¶ 74} Having found that the trial court did commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. The decision is affirmed insofar as the trial court's finding that Grine was not entitled to sanctions because appellee expunged the second suspension while the remand underGrine I was pending; Grine is not entitled to attorney fees for her own legal services; Grine failed to establish the reasonable value and reasonable necessity of the attorney fees she actually incurred for which she has not been reimbursed by appellee.
 {¶ 75} The trial court's decision is reversed as to its finding that Grine could not recover her attorney fees due to the bad faith and frivolous actions of appellee in defending this case; that Grine could not recover attorney fees actually incurred under IDEA; Grine could not seek any remedy other than expungement of her son's suspension; Grine unnecessarily pursued judicial appeals; appellee was immune from liability for Grine's attorney fees; and the suspension records of Grine's son have been fully expunged from all school records. The trial court's finding as to the issue of whether Grine's son is entitled to recover for alternative education setting costs incurred because of the second suspension and for personal injury damages were not properly before the court and is therefore stricken from the decision.
 {¶ 76} In summary, we find that the trial court erred in making certain legal and factual findings that Grine was not entitled to recover the attorney fees she actually *Page 28 
incurred. However, we affirm the trial court's finding that Grine failed to prove the amount of those reasonable and necessary attorney fees. We further find that the trial court's factual finding that appellee had fully expunged all records of the expungement was not supported by the evidence. But, such a finding was unnecessary to resolve the issues presented in this case. Therefore, we find that there is no need to remand this case to the trial court for further proceedings. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1