[Cite as *In re Guardianship of Bakhtiar*, 2021-Ohio-2163.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: GUARDIANSHIP OF FOUROUGH BAKHTIAR

C.A. No.　　20CA011676

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.　　2013 GI 00040

DECISION AND JOURNAL ENTRY

Dated: June 28, 2021

SUTTON, Judge.

{¶1} Appellant, Dariush Saghafi, one of Fourough Bakhtiar's sons, appeals the judgment of the Lorain County Court of Common Pleas, Probate Division. For the reasons that follow, this Court affirms.

I.

**Relevant Background**

{¶2} The present appeal arises from this Court's May 7, 2018 remand of *In re Guardianship of Bakhtiar*, 9th Dist. Lorain Nos. 16CA011036, 16CA011038, 2018-Ohio-1764, relating to the reasonableness of attorney fees and costs awarded to: (1) the Guardianship of Fourough Bakhtiar, for Attorney Zachary Simonoff's guardian and attorney fees and costs; (2) Fourough Bakhtiar, for Attorney Stephen Wolf's attorney fees and costs; and (3) Jaleh Presutto, Fourough Bakhtiar's daughter, for Attorney Neil Spike's attorney fees and costs. This award of

attorneys fees stems from the frivolous conduct of Mr. Saghafi. This Court, in *Bakhtiar* at ¶ 24, affirmed the trial court's determination that Mr. Saghafi engaged in frivolous conduct, stating:

> [A]s a review of the record shows that [Mr.] Saghafi has continued to file pleadings in this matter with no evidentiary basis, we cannot say that the probate court abused its discretion when it determined that [Mr.] Saghafi's actions were frivolous and that "[t]his litigation has only served to inflate costs and drain assets of the ward and others." [Attorney] Simonoff testified that [Mr.] Saghafi's repetitive motions have interfered with his duties to the ward and caused him to make repeated responses to motions and appeals, thus, requiring him to hire an attorney to represent him. He further stated that that amount of money spent defending the motions and appeals "is bleeding the guardianship dry."

Further, this Court determined the trial court did not abuse its discretion in finding Mr. Saghafi partook in the unauthorized practice of law by filing a brief in opposition to Ms. Presutto's motion to complete renovations or, in the alternative, to restore home to its prior condition, where he had no personal interest in the outcome of that particular motion. *Id*. at ¶ 44.

{¶3} Additionally, this Court remanded the issue of whether the requested attorneys fees and costs, awarded due to Mr. Saghafi's frivolous conduct, are reasonable, stating:

> Although the probate court noted that it "undertook an independent review of the billing statements submitted in this case * * * and awards reasonable fees, attorney fees, and other expenses * * *," the probate court did not state its basis for determining that the fees were reasonable. * * * Following the hearing in this matter, the probate court allowed the parties to submit attorney fee statements for the fees incurred as a result of [Mr.] Saghafi's conduct. Although [Attorney] Simonoff, on behalf of the guardianship, [Ms.] Presutto, and [Attorney] Wolf, representing [Fourough] Bakhtiar, all filed statements requesting attorney fees with an attached invoice summarizing the work performed and associated hours, none of the statements addressed the reasonableness of the fee or the reasonableness of the time spent.

*Id*. at ¶ 30. In response, the trial court held a second evidentiary hearing on attorneys fees to address the sole issue of reasonableness.

**The July 25, 2019 Evidentiary Hearing**

{¶4}    At the July 25, 2019 evidentiary hearing, Attorney James N. Taylor testified as an expert on behalf of the Guardianship, Fourough Bakhtiar and Ms. Presutto.  Specifically, Attorney Taylor testified he does probate work in Lorain, Cuyahoga, Erie, Medina and Huron Counties, focusing "85 to 90 percent" of his work in Lorain County.  Attorney Taylor was contacted by Attorney Simonoff to "look at the reasonableness of his fees regarding the sanction issues that were outstanding in this case."  Attorney Taylor further testified he: (1) reviewed the forty-two-page docket, "paying specific attention to the period of time in 2016 when the issues came up regarding sanctions for frivolous conduct[;]" (2) analyzed everything; (3) discussed the billing statements with Attorney Simonoff; (4) reviewed the December 23, 2016 Judgment Entry; (5) reviewed Attorney Wolf's billing statements; (6) reviewed Attorney Spike's billing statements; and (7) reviewed the various motions for attorney fees.  Attorney Taylor spent approximately six hours of time performing this review.

{¶5}    Attorney Taylor explained that, while Attorneys Wolf and Spike segregated their billing to reflect specific time spent on the frivolous filings by Mr. Saghafi, Attorney Simonoff submitted a comprehensive billing summary reflecting all of his billable time.  As such, Attorney Taylor reviewed each of Attorney Simonoff's billing entries, between the dates of May 16, 2016 and August 8, 2016, for those relating to frivolous conduct and Civ.R. 11 sanctions.  In so doing, Attorney Taylor "went through and thought what is the normal course.  What is reasonable in the practice.  What is the standard rate.  Would these things be charged to prepare for that hearing."  Upon completion of his review of Attorney Simonoff's billing statements, Attorney Taylor marked down "about five or six" hours of the "daily charges," concluding as follows:

> I found that 91.4 hours at $200 an hour to be reasonable, justifiable expenses, and
> I would have no problem saying to the court that those fees I would expect the court

could authorize, if it should so desire, for fees relating to the conduct of [Mr. Saghafi.]

Further, Attorney Taylor opined:

> In Lorain County, based on [Attorney Simonoff's] experience, what I've seen charged by various attorneys at different stages in their career, I find $200 to be very reasonable and in accordance with the standards of this court.

Attorney Taylor also concluded Attorney Simonoff's costs in the amount of $990.50 "seemed reasonable."

{¶6}   As to Attorney Wolf's billing statements, Attorney Taylor testified he had the opportunity to review them and found 19.7 hours at $200 an hour to be "fair, within the standards of the Lorain County Probate practice for reasonable hourly charges and fees." Further, in review of Attorney Spike's billing statements, Attorney Taylor found 55.4 hours at $200 and 14.1 hours at $250 an hour "reasonable." Attorney Taylor indicated it was his understanding that the difference in hourly rate was due to "[c]ourtroom work as a trial lawyer." Moreover, Attorney Taylor did not object to an "increased hourly rate" in this regard.

{¶7}   During cross-examination, Attorney Taylor further reduced Attorney Simonoff's total fee amount from 91.4 to 89.4 hours, and also reduced Attorney Spike's total fee amount from 69.5 to 68.9 hours, based upon billing entries relating to the unauthorized practice of law. With these two additional reductions, Attorney Taylor concluded that Attorney Simonoff's 89.4 hours, Attorney Wolf's 19.7 hours, and Attorney Spike's 68.9 hours were reasonable in this matter.

### The August 10, 2020 Judgment Entry

{¶8}   In its August 10, 2020 Judgment Entry, the trial court indicated Attorney Taylor was engaged as an expert in this matter as to the reasonableness of the requested attorneys' fees, and further detailed Attorney Taylor's thorough review of the Simonoff, Wolf and Spike billing

statements and the extensive court record. The trial court also "undertook an independent review" of the billing statements submitted in this case, and further explained:

> [t]aking into account Attorney Taylor's experience and review of this matter, the [c]ourt finds his testimony to be very persuasive on the issue of the reasonableness of the hours spent by the attorneys, the reasonableness of the hourly rates and the reasonableness of the total amount of attorney fees and costs incurred with respect to [Mr.] Saghafi's frivolous conduct.

Ultimately, the trial court awarded attorneys fees and costs for the frivolous conduct of Mr. Saghafi as follows: (1) the Guardianship of Fourough Bakhtiar was awarded the sum of $17,880.00 for Attorney Simonoff's attorney and guardian fees, for 89.4 hours of work at $200.00 per hour, plus $990.50 in costs, totaling $18,870.50; (2) Fourough Bakhtiar, for Attorney Wolf's attorney fees, was awarded the sum of $3,940.00, for 19.7 hours of work at $200.00 per hour; and (3) Ms. Presutto, for Attorney Spike's attorney fees, was awarded the sum of $14,485.00 for 54.8 hours of work at $200.00 per hour and 14.1 hours of work at $250.00 per hour, plus $6.00 in costs, totaling $14,491.00.

{¶9} It is from this Judgment Entry Mr. Saghafi appeals, raising a single assignment of error.

II.

**ASSIGNMENT OF ERROR**

**THE PROBATE COURT ABUSED ITS DISCRETION BY APPROVING A REQUEST FOR AN AWARD OF ATTORNEY FEES WITHOUT THE REQUISITE QUALIFIED LEGAL EXPERT TESTIMONY TO SUPPORT SUCH AN AWARD.**

{¶10} In his Brief, Mr. Saghafi argues Attorney Taylor was not properly qualified as an expert witness at the July 25, 2019 evidentiary hearing and, as such, his testimony should have been stricken from the record. We note Mr. Saghafi, in his argument against Attorney Taylor's qualifications as an expert witness, incorrectly references Evid.R. 701, regarding lay witness

testimony, instead of Evid.R. 702, regarding expert testimony. Further, Mr. Saghafi contends that, without testimony from Attorneys Simonoff, Wolf and Spike regarding their own bills, the trial court had insufficient evidence to determine the reasonableness of the fees. We disagree.

### Legal Analysis

{¶11} "'It is well settled that where a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere.'" *Fleischer v. George*, 9th Dist. Medina No. 09CA0057-M, 2010-Ohio-3941, ¶ 30, quoting *Bittner v. Tri–County Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991). "This is true because the trial judge has presumably presided over the entire course of litigation, is familiar with the work performed by the attorneys, and is in a better position than the court of appeals to evaluate the value of the attorneys' services." *Id*. "Thus, an award of attorney's fees will not be reversed absent an abuse of discretion." *Id*. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} Further, the Ohio Rules of Professional Conduct set forth the following factors that the trial court should apply in determining whether attorney's fees are reasonable:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent.

*Jefferson v. Creveling*, 9th Dist. Summit No. 24206, 2009-Ohio-1214, ¶ 33, quoting *Grine* v.

*Sylvania School Bd. Of Edn.*, 6th Dist. Lucas No. L-06-1314, 2008-Ohio-1562 at ¶ 65, quoting

Ohio Rules of Professional Conduct 1.5.

{¶13} In the present matter, pursuant to R.C. 2323.51(B)(1), the trial court awarded

attorneys fees to the Guardianship of Fourough Bakhtiar, Fourough Bakhtiar, and Ms. Presutto.

R.C. 2323.51(B)(1) states, in relevant part:

> any party adversely affected by frivolous conduct may file a motion for an award
> of court costs, reasonable attorney's fees, and other reasonable expenses incurred
> in connection with the civil action or appeal. The court may assess and make an
> award to any party to the civil action or appeal who was adversely affected by
> frivolous conduct[.]

In awarding these fees, the trial court determined "the burden of reasonableness [had] been proven"

based upon the expert testimony of Attorney Taylor and the court's own independent review of

the attorneys' submitted billing statements.

{¶14} Evid.R. 702 allows a witness to testify as an expert if all the following apply:

> (A) The witness' testimony either relates to matters beyond the knowledge or
> experience possessed by lay persons or dispels a misconception common among
> lay persons;
>
> (B) The witness is qualified as an expert by specialized knowledge, skill,
> experience, training, or education regarding the subject matter of the testimony;
>
> (C) The witness' testimony is based on reliable scientific, technical, or other
> specialized information.

Importantly, "[t]o qualify as an expert, the witness need not be the best witness on the subject."

*Scott v. Yates*, 71 Ohio St.3d 219, 221 (1994), citing *Alexander v. Mt. Carmel Med. Ctr.*, 56 Ohio

St.2d 155, 159 (1978). "Qualifications which may satisfy the requirements of Evid.R. 702 are

multitudinous." *State v. Mack*, 73 Ohio St.3d 502, 511 (1995). As such, "[t]he qualification of an

expert is a matter for determination by the court on the facts, and rulings with respect to such

matters will ordinarily not be reversed unless there is a clear showing that the court abused its discretion." (Internal citation omitted.) *Id*.

{¶15} Although Mr. Saghafi contends Attorney Taylor was not qualified as an expert witness, the record clearly indicates otherwise. As previously stated, Attorney Taylor testified he is a practicing attorney in Lorain, Cuyahoga, Erie, Medina and Huron Counties, and focuses "85 to 90 percent" of his practice in Lorain County on probate law. Attorney Taylor has practiced law in Lorain County since 1983. Further, relating to this matter, Attorney Taylor testified he was contacted to review the billing statements of Attorneys Simonoff, Wolf and Spike to determine the reasonableness of the requested attorneys fees. The transcript from the July 25, 2019 Evidentiary Hearing shows that Attorney Taylor reviewed the segregated billing statements of Attorneys Wolf and Spike. Based upon Attorney Taylor's experience as a probate attorney in Lorain County, he determined $3,940.00, for 19.7 hours of work at $200.00 per hour, and $14,491.00, for 54.8 hours of work at $200.00 per hour and 14.1 hours of work at $250.00 per hour, plus $6.00 in costs, to be reasonable. Moreover, the transcript reveals Attorney Taylor reviewed Attorney Simonoff's comprehensive billing statements. Based upon Attorney Taylor's review of the extensive forty-two-page record in this case and conversations with Attorney Simonoff, in conjunction with Attorney Taylor's experience as a probate attorney in Lorain County, he determined $18,870.50, for 89.4 hours of work at $200.00 per hour, plus $990.50 in costs, to be reasonable. Additionally, Attorney Taylor testified he "realized the total complexity" of this case after reviewing the record.

{¶16} The trial court presided over the July 25, 2019 Evidentiary Hearing wherein Attorney Taylor testified as an expert witness as to the reasonableness of the attorneys' fees, and the trial court also performed an independent review of the submitted billing statements. Indeed, due to its handling of the Guardianship of Fourough Bakhtiar from its inception, the trial court had

full knowledge of the record, along with the nature of ongoing complexities and challenges facing both the attorneys and litigants over the course of eight years. Thus, taking into account Attorney Taylor's expert testimony regarding the reasonableness of the hours and hourly rate, and the trial court's own independent analysis of the billing statements, the trial court concluded "[t]he burden of reasonableness of the attorney fees has been proven in this case."

{¶17} Further, to the extent Mr. Saghafi argues the trial court failed to *qualify* Attorney Taylor through a proffer by Attorney Eric Zagrans, the trial court acknowledged Attorney Taylor as an expert in its August 10, 2020 Judgment Entry. The trial court, in "[t]aking into account Attorney Taylor's experience and review of this matter," found Attorney Taylor's testimony "very persuasive" regarding the reasonableness of the attorneys fees and costs. Through both direct and cross-examination, Attorney Taylor's qualifications were thoroughly discussed and challenged in open court. Mr. Saghafi had ample opportunity to object to Attorney Taylor's qualifications, as well as the manner in which Attorney Taylor was presented to the trial court for purposes of qualification as an expert, at any point during the August 10, 2020 evidentiary hearing. However, Mr. Saghafi failed to object, in any regard, about Attorney Taylor's status as an expert. ("It is well settled that the failure to timely object to a possible error results in a forfeiture of the issue for purposes of appeal." *Marsico v. Skrzypek*, 9th Dist. Lorain No. 13CA010410, 2014-Ohio-5185, ¶ 6, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997)). As such, any possible error regarding the procedural mechanism of qualifying Attorney Taylor as an expert, does not constitute reversible error.

{¶18} Based upon the record before us, this Court finds the trial court did not abuse its discretion in qualifying Attorney Taylor as an expert regarding the reasonableness of the attorneys

fees, and awarding the requested attorneys fees and costs, with minor deductions, to the Guardianship of Fourough Bakhtiar, Fourough Bakhtiar, and Ms. Presutto.

III.

{¶19} For the reasons stated above, Mr. Saghafi's sole assignment of error is overruled. The Judgment of the Lorain County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

CHARLES V. LONGO and GREGORY B. GIPSON, Attorneys at Law, for Appellant.

ERIC ZAGRANS, Attorney at Law, for Appellee.

STEPHEN WOLF, Attorney at Law, for Appellee.

NEIL SPIKE, Attorney at Law, for Appellee.