[Cite as *Larsen Medina, L.L.C. v. Echelon Senior Living Group, L.L.C.*, 2025-Ohio-2282.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| LARSEN MEDINA, LLC | C.A. No. 31305 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ECHELON SENIOR LIVING GROUP, LLC, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV-2023-06-1921 |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2025

HENSAL, Judge.

**{¶1}** Larsen Medina LLC ("Larsen Medina") appeals an order of the Summit County Court of Common Pleas that denied its motion for sanctions. This Court affirms.

I.

**{¶2}** Larsen Medina petitioned the trial court under Revised Code Section 2711.03 to enforce an arbitration clause contained in a 2018 amended operating agreement between the members of Echelon Senior Living Group LLC: Mark S. Hemminger; Jeff Risner; Seibert Enterprises, Ltd.; R. Scott Bunce; and Larsen Medina. The petition alleged that disputes had arisen between the members related to the validity of a purported second amended operating agreement, the expulsion of Larsen Medina as a member, and the grounds for that expulsion. Echelon, Mr. Hemminger, Mr. Risner, Mr. Bunce, and Seibert Enterprises ("the Echelon Defendants") opposed the petition, arguing that it was barred by the doctrine of laches and that Larsen Medina's claims were meritless and constituted frivolous conduct. The Echelon Defendants maintained that a

second amended operating agreement was adopted by Echelon's members in 2019 but that Larsen Medina did not participate in the vote to approve that agreement. According to the Echelon Defendants, the 2019 operating agreement was approved by eighty percent of the members and became effective on July 30, 2019. It contained new language that "provided for a dilution of membership interest as a remedy if a member did not make a required capital contribution." Consequently, the Echelon Defendants argued that Larsen Medina could no longer assert membership rights, having failed to make a capital contribution required by the 2019 operating agreement. The trial court granted the petition and compelled arbitration, concluding that "the arbitration provision in the [2018 agreement] is valid and enforceable and the subject matter of [Larsen Medina's] dispute is arbitrable."

{¶3} Larsen Medina moved for sanctions against the Echelon Defendants and their counsel under Section 2323.51 and Civil Rule 11. In doing so, Larsen Medina argued that the Echelon Defendants' brief in opposition to arbitration addressed the substance of the matter instead of its arbitrability and, as such, that they could not be appropriately raised in opposition to arbitration. In response, the Echelon Defendants argued that their opposition to arbitration was grounded in "a good faith belief that the facts and applicable law [barred] Larsen Medina's claim for arbitration." The trial court concluded that the Echelon Defendants' conduct did not violate Section 2323.51 or Rule 11 and denied the motion. Larsen Medina appealed, assigning two errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

AS A MATTER OF LAW THE TRIAL COURT ERRED IN DENYING LARSEN MEDINA'S MOTION FOR FRIVOLOUS CONDUCT AND CIV. R. 11 SANCTIONS AGAINST DEFENDANTS AND THEIR COUNSEL UNDER R.C. 2323.51 BECAUSE DEFENDANTS' POSITION IN OPPOSITION TO

ARBITRATION WAS NOT WARRANTED UNDER EXISTING LAW AND WAS NOT SUPPORTED BY A GOOD FAITH ARGUMENT FOR EXTENSION, MODIFICATION, OR REVERSAL OF EXISTING LAW.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT'S FAILURE TO IMPOSE CIV.R. 11 SANCTIONS AGAINST DEFENDANTS' COUNSEL FOR HIS WILLFUL FILING OF BASELESS ARGUMENTS OPPOSING ARBITRATION CONSTITUTES REVERSIBLE ERROR.

**{¶4}** Larsen Medina's assignments of error argue the trial court erred by concluding that the Echelon Defendants' conduct, consisting of their "refusal to arbitrate, [their] filing of answers denying their obligation to arbitrate, [their] opposition to the Motion to Compel, and [their] countermotion for frivolous conduct against Larsen Medina[,]" was neither frivolous nor sanctionable under Rule 11.  This Court does not agree.

**{¶5}** As an initial matter, this Court notes that an appellant must separately argue each assignment of error with supporting authority and citations to the record.  App.R. 16(A)(7); Loc.R. 16(A)(7). When an appellant fails to do so, this Court may disregard the assignments of error. *Huber v. Inpatient Med. Servs., Inc.*, 2018-Ohio-4686, ¶ 5 (9th Dist.).  Although Larsen Medina has failed to separately argue its two assignments of error, this Court will exercise its discretion to address Larsen Medina's argument. *See State v. Ross*, 2024-Ohio-2251, ¶ 5 (9th Dist.).

**{¶6}** Section 2323.51 and Rule 11 each address frivolous conduct, but they "differ in that the statute employs an objective test for frivolous conduct while the rule employs a subjective one." *Reich v. Manifold Cloud Servs., Ltd.*, 2025-Ohio-1049, ¶ 10 (9th Dist.), quoting *Dietrich v. Core*, 2023-Ohio-1463, ¶ 10 (9th Dist.).  Rule 11 provides that an attorney's signature on a "pleading, motion, or other document" filed on behalf of a client constitutes a certification that the attorney "has read the document; that to the best of the attorney's . . . knowledge, information, and belief *there is good ground to support it*; and that it is not interposed for delay."  (Emphasis added.)

Because this test of frivolous conduct is subjective, a court imposing sanctions must first consider whether the attorney who signed the document "(1) read it; (2) harbored good grounds to support it to the best of his or her knowledge, information, and belief; and (3) did not file it for the purpose of delay." *Clark v. Corwin*, 2015-Ohio-4469, ¶ 11 (9th Dist.), quoting *Lable & Co. v. Flowers*, 104 Ohio App.3d 227, 235 (9th Dist. 1995). A decision regarding sanctions under Rule 11 is generally reviewed for an abuse of discretion, but questions that are purely legal – such as whether there is good ground to support a filing – are reviewed de novo. *Callahan v. Akron Gen. Med. Ctr.*, 2009-Ohio-5148, ¶ 25 (9th Dist.).

{¶7} Under the statute, "[f]rivolous conduct" includes conduct by a party to a civil action that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law . . . ." R.C. 2323.51(A)(2)(a)(ii). This is an objective standard, and the test is whether no reasonable attorney would have asserted the position in light of existing law. *See Kozar v. Bio-Medical Applications of Ohio, Inc.*, 2004-Ohio-4963, ¶ 16 (9th Dist.). This Court will generally affirm a trial court's factual determination of whether frivolous conduct has occurred if that determination is supported by competent, credible evidence. *In re Guardianship of Bakhtiar*, 2018-Ohio-1764, ¶ 19 (9th Dist.). When the question is whether a reasonable attorney would have asserted a legal position under Section "2323.51(A)(2)(a)(ii)," however, "[w]e review a trial court's finding . . . de novo, as purely a matter of law, "'peculiarly within the competence of an appellate court.'"" *Jefferson v. Creveling*, 2009-Ohio-1214, ¶ 16 (9th Dist.), quoting *Kozar* at ¶ 16. *See also Riston v. Butler*, 2002-Ohio-2308, ¶ 22 (1st Dist.) ("Because legally groundless frivolous conduct involves a question of law, we review it de novo.").

**{¶8}** Larsen Medina maintains the Echelon Defendants' opposition to arbitration violated Rule 11 because their attorney knew that there was no good ground to support it and entitled Larsen Medina to sanctions under Section 2323.51(A)(2)(a)(ii) because it was not warranted under existing law and could not be supported by a good faith argument for an extension, modification, or reversal of existing law. Specifically, Larsen Medina maintains that a party cannot oppose a request for arbitration on grounds related to the substance of the dispute, characterizing that strategy as "clearly forbidden under Ohio law to defeat a claim for arbitration . . . ." In support of this position, Larsen Medina observes that Ohio law favors arbitration and notes the Supreme Court of Ohio has recognized the principle that "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." *Council of Smaller Ents. v. Gates*, *McDonald & Co.*, 80 Ohio St.3d 661, 666 (1998), quoting *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986).

**{¶9}** These general principles, however, do not lead to the conclusion that the Echelon Defendants' opposition to arbitration in this case was frivolous. Larsen Medina sought to invoke the arbitration clause contained in the 2018 amended operating agreement to challenge its status as a member, but the Echelon Defendants maintained that agreement had been supplanted by the 2019 second amended operating agreement—and that by operation of that agreement, Larsen Medina was no longer a member entitled to the benefit of its terms. In other words, the Echelon Defendants argued that arbitrability was intertwined with the substance and timing of Larsen Medina's claims. This position invokes another principle of arbitrability – that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Council of Smaller Ents.* at 665, quoting *AT&T* at 648.

{¶10} Apart from references to general principles of arbitration, Larsen Medina has not directed this Court's attention to any precedent demonstrating that the position taken by the Echelon Defendants had no good ground to support it under Rule 11. Similarly, Larsen Medina has not demonstrated that the Echelon Defendants' position was not warranted under existing law and could not be supported by a good faith argument for an extension, modification, or reversal of existing law under Section 2323.51(A)(2)(a). Under these circumstances, this Court cannot conclude that the trial court erred by denying Larsen Medina's motion for sanctions under either Rule 11 or Section 2323.51(A)(2)(a). Larsen Medina's first and second assignments of error are, therefore, overruled.

III.

{¶11} Larsen Medina's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JEFFREY T. WITSCHEY and BETSY L.B. HARTSCHUH, Attorneys at law, for Appellant.

STEPHEN J. PRUNESKI, Attorney at Law,  for Appellees.