[Cite as *Siniscalchi v. K. Hovnanian Meadow Lakes, L.L.C.*, 2026-Ohio-1911.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

SHANE SINISCALCHI, et al.

    Appellants

    v.

K. HOVNANIAN MEADOW LANES, LLC, et al.

    Appellees

C.A. No.    25CA012324

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    22CV205129

DECISION AND JOURNAL ENTRY

Dated: May 26, 2026

FLAGG LANZINGER, Judge.

{¶1} Plaintiffs-Appellants, Shane Siniscalchi and Eric Velazques, and their legal counsel, Attorney Michael Fortney, appeal the judgment of the Lorain County Court of Common Pleas.

I.

{¶2} Siniscalchi and Velazquez filed a complaint against Defendants-Appellees, K. Hovnanian Meadow Lakes, LLC, Hovnanian Enterprises, Inc., K. Hovnanian Enterprises, Inc., K. Hovnanian Companies, LLC, Steve Butwinski, Dominic Passalacqua, and Rafael Swift (collectively "Hovnanian defendants"), asserting claims related to a purchase and sale agreement between the parties. The Hovnanian defendants filed a motion to stay and compel arbitration based on mandatory arbitration language in the agreement. The trial court granted the motion and ordered the parties to submit the matter to binding arbitration.

{¶3} After the arbitrator issued his decision, the Hovnanian defendants filed a notice of arbitration decision and attached the arbitrator's decision as an exhibit. The arbitrator issued an award in favor of Siniscalchi and Velazquez from K. Hovnanian Meadow Lakes, LLC on the breach of contract claim in the amount of $33,214.83, plus statutory interest beginning within 30 days from the date of the award. The arbitrator indicated that the award was made in full settlement of all claims and counterclaims submitted to the arbitration. The arbitrator expressly stated that no award was made in favor of Siniscalchi and Velazquez with respect to any of the other named defendants. The arbitrator further stated, "[a]s the award is based on contract damages only, there is no award for noneconomic damages under Chapter 4722, loss of use, punitive damages or attorney's fees."

{¶4} The trial court filed an order noting the arbitration decision was filed and dismissed the complaint with prejudice. Neither party appealed the trial court's dismissal order.

{¶5} Almost three months later, Siniscalchi and Velazquez filed a motion to vacate or modify the arbitration award. The Hovnanian defendants opposed the motion and Siniscalchi and Velazquez filed a reply in support of their motion. The trial court denied the motion on the basis that Siniscalchi and Velazquez had failed to set forth any basis for modification or vacation under either the federal or the state statute governing arbitration awards. The trial court noted that the only argument Siniscalchi and Velazquez presented in their motion was the assertion that they were entitled to vacation or modification under a "manifest disregard of the law" standard of review that is no longer recognized under either federal or state law. Siniscalchi and Velazquez did not appeal the trial court's denial of the motion to vacate or modify.

{¶6} The Hovnanian defendants subsequently filed a motion for sanctions against Siniscalchi and Velazquez pursuant to R.C. 2323.51, arguing they had no good faith legal basis

for filing the motion to vacate or modify the arbitration award and requested an award of attorney's fees incurred to defend the motion. Siniscalchi and Velazquez opposed the motion and the Hovnanian defendants filed a reply in support of their motion. The trial court set the matter for a hearing.

{¶7} At the hearing, the trial court heard testimony from the Hovnanian defendants' witness, Attorney Michael Mercier, in-house counsel for the East Group of K. Hovnanian Companies, LLC, and Siniscalchi. The trial court admitted as evidence two exhibits submitted by the Hovnanian defendants relevant to the amount of attorney's fees requested.

{¶8} Following the hearing, the trial court granted the motion for sanctions, finding that Siniscalchi and Velazquez had engaged in frivolous conduct when they filed their motion to vacate or modify "even though the arguments advanced were 'not warranted under existing law, [could] not be supported by a good faith argument for an extension, modification, or reversal of existing law, or [could] not be supported by a good faith argument for the establishment of new law." (Alterations in original.) The trial court awarded the Hovnanian defendants legal fees in the amount of $9,600.00 and legal expenses in the amount of $378.70 to be paid by Siniscalchi, Velazquez, and Fortney.

{¶9} Siniscalchi, Velazquez, and Fortney appeal, raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED WHEN IT DETERMINED THAT APPELLANTS ENGAGED IN FRIVOLOUS CONDUCT.**

{¶10} In their sole assignment of error, Siniscalchi, Velazquez, and Fortney contend the trial court erred when it determined they engaged in frivolous conduct when they filed the motion to vacate or modify the arbitrator's decision. We disagree.

{¶11} The trial court granted the Hovnanian defendants' motion for sanctions pursuant to R.C. 2323.51(A)(2)(a)(ii). Under the statute, "[f]rivolous conduct" means conduct by a party to a civil action that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." *Id.* "This is an objective standard, and the test is whether no reasonable attorney would have asserted the position in light of existing law." *Larsen Medina, LLC v. Echelon Senior Living Group, LLC*, 2025-Ohio-2282, ¶ 7 (9th Dist.) citing *Kozar v. Bio-Med. Applications of Ohio, Inc.*, 2004-Ohio-4963, ¶ 16 (9th Dist.). "This Court will generally affirm a trial court's factual determination of whether frivolous conduct has occurred if that determination is supported by competent, credible evidence." *Larsen Medina, LLC* at ¶ 7, citing *In re Guardianship of Bakhtiar*, 2018-Ohio-1764, ¶ 19 (9th Dist.). However, the question of whether a reasonable attorney would have asserted a legal position under R.C. 2323.51(A)(2)(a)(ii) is a question of law we review de novo. *Larsen Medina, LLC* at ¶ 7, quoting *Jefferson v. Creveling*, 2009-Ohio-1214, ¶ 16 (9th Dist.), quoting *Kozar* at ¶ 16.

{¶12} On appeal, Siniscalchi, Velazquez, and Fortney do not contest the trial court's determination that the "manifest disregard of the law" standard of review is not applicable under existing law. Instead, they assert that their conduct did not rise to the level of being frivolous because they "made good faith arguments to show that the arbitrator incorrectly applied the law and erred in his decision." Specifically, they (1) "believed that the arbitrator's decision improperly denied [their] claims for violation of R.C. 4722," and (2) they "believed that this was enough to vacate or modify the arbitration award pursuant to R.C. 2711.10 and 11." However, whether an arbitrator correctly applied the law is not a basis for a trial court to vacate or modify an arbitration award pursuant to either statute.

{¶13} "Ohio's public policy strongly favors arbitration, as expressed in the Ohio Arbitration Act codified in R.C. 2711." *Lorain v. Fraternal Ord. of Police, Lodge No. 3*, 2023-Ohio-2431, ¶ 22 (9th Dist.), citing *Taylor v. Ernst & Young, L.L.P.*, 2011-Ohio-5262, ¶ 18. "Consistent with this policy, R.C. 2711 limits the jurisdiction of trial courts once arbitration has been conducted." *Fraternal Order of Police, Lodge No. 3* at ¶ 22, citing *State ex rel. R.W. Sidley, Inc. v. Crawford*, 2003-Ohio-5101, ¶ 22. "After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code." R.C. 2711.13. Pursuant to R.C. 2711.10, a trial court shall vacate an arbitration award upon the application of a party only if:

> (A) The award was procured by corruption, fraud, or undue means.
>
> (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Pursuant to R.C. 2711.11, a trial court shall modify an arbitration award upon the application of a party only if:

> (A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
>
> (B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
>
> (C) The award is imperfect in matter of form not affecting the merits of the controversy.

**{¶14}** Based on the above, we conclude Siniscalchi, Velazquez, and Fortney have not shown the trial court erred when it concluded they engaged in frivolous conduct by filing their motion to vacate or modify.

**{¶15}** Siniscalchi, Velazquez, and Fortney's assignment of error is overruled.

III.

**{¶16}** Siniscalchi, Velazquez, and Fortney's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, P. J.
STEVENSON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

MICHAEL R. FORTNEY, Attonrey at Law for Appellants.

RICHARD N. SELBY, II, Attorney at Law, for Appellees.